## No. 2375.—JOHN SEILER *v.* DANIEL FAIREX.

The writ of injunction will not lie to restrain the owner of a plantation from seeking to annul and set aside a contract with another person, on the allegation that under the terms of the contract the agent has the exclusive right to control the plantation. In such a case the agent has his action against the principal in damages for violations of the contract, but he can not prohibit him from proceeding by the process of injunction.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Whitaker & Rice,* for plaintiff and appellant. *Cotton & Levy, E. T. Fellowes* and *E. Bermudez,* for defendant and appellee.

TALIAFERRO, J. The defendant engaged the plaintiff to take charge of his plantation, as sole manager thereof, for the term of eight years from the first of May, 1868. The terms and conditions of their contract are specifically set forth in a written instrument of considerable length. It appears that in pursuance of this agreement the plaintiff went upon the plantation with his family to reside, and proceeded to the discharge of his functions as manager to superintend and carry on the cultivation of it, having the exclusive control and direction of all the business affairs of every kind appertaining to the raising of crops and keeping the establishment in order and good condition. The contract appears to have been entered into in contemplation of a long absence in Europe of the proprietor, the defendant in the case.

About a year after this engagement was entered into, it seems the proprietor becoming dissatisfied, as alleged by the plaintiff, made use of improper means to supersede him in the control and management of the plantation, and endeavored forcibly to dispossess plaintiff by threats of violence and by efforts to remove his family off the place. The plaintiff thereupon resorted to a writ of injunction, which forms the basis of this action, to restrain the defendant from interfering with or disturbing him in the management of the plantation, and prays damages and costs.

In the court below the injunction was dissolved on an exception filed on the part of the defendant, and the plaintiff has appealed. We think the judgment correctly rendered. We are not aware of any right the plaintiff has under the contract to be maintained in the possession and control of the defendant's plantation against his will. If the latter think proper to violate his engagement with the plaintiff, he would thereby subject himself to damages in favor of the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.